945 F.2d 405
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Cylester VAN NUNNALLY, Plaintiff-Appellant,
v.
Sandy STRITMATTER, Dr., Silas Norman, Dr., Lynn Green, Dr.,
Harold Niekamp, Dr., Waters Hospital, Robert
Brown, Dan Bolden, John Jabe, Ernie
Pasteur, Robin Pratt, Fred
Bland, Defendants-Appellees.
 No. 91-1226.
 United States Court of Appeals, Sixth Circuit.
 Oct. 1, 1991.
 
 Before KENNEDY and DAVID A. NELSON, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Cylester Van Nunnally, a pro se Michigan prisoner, appeals the district court's summary judgment in favor of the defendants in this prisoner civil rights complaint filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Nunnally, an inmate incarcerated at the State Prison of Southern Michigan (SPSM), has sued the Director of the Bureau of Health Care Services for the Michigan Department of Corrections (MDOC); the Medical Director at the Jackson Clinical Complex--Egeler Correctional Facility; a physician at the Egeler Facility; the Director of MDOC; the Assistant Director of MDOC; the Warden at SPSM; the Deputy Warden at SPSM; the Assistant Deputy Warden at SPSM; a case worker at SPSM; and a consultant to the MDOC medical staff. In his complaint, Nunnally alleged that while confined at SPSM, he received inadequate medical care for his condition of avascular necrosis and was, thus, deprived of his rights under the Eighth Amendment. Nunnally sought declaratory, injunctive and monetary relief.
 
 
 3
 A magistrate issued a report recommending that summary judgment be granted to all defendants. The magistrate held that defendants' conduct, as evidenced by documents in the record, demonstrated an ongoing pattern of treatment and, thus, did not amount to a deliberate indifference to Nunnally's serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). The magistrate declined to consider Nunnally's retaliatory transfer claim because of Nunnally's failure to set forth this claim in his complaint. Despite Nunnally's objections, the district court adopted the magistrate's recommendation. In addition, the district court addressed the retaliatory transfer claim and dismissed that claim as lacking merit.
 
 
 4
 Upon consideration, we conclude that summary judgment was proper, as the record supports the district court's decision that there was no genuine issue of material fact and the defendants were entitled to judgment as a matter of law. See Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 5
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.